FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN M.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:18-CV-0029-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Christopher H. Dellert represents John M. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

In July 2015, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, Tr. 218-224, and an application for Supplemental Security Income benefits, Tr. 225-229. Plaintiff alleged a disability onset date of December 16, 2014, Tr. 246, due to Anxiety Disorder, Diabetes, Thyroid Disorder, High Blood Pressure, High Cholesterol, Back Problem, Knee Problem, Learning Disability, and Stomach Problems, Tr. 250. Plaintiff's applications were denied initially and upon reconsideration.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on October 25, 2016, Tr. 37-73, and issued an unfavorable decision on December 20, 2016, Tr. 18-31. The Appeals Council denied review on December 27, 2017. Tr. 1-6. The ALJ's December 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 24, 2018. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on July 8, 1973, and was 41 years old on the alleged disability onset date, December 16, 2014. Tr. 218. He completed high school in 1992. Tr. 251.

Plaintiff's disability report indicates he stopped working because of his conditions on December 15, 2014. Tr. 250-251. At the administrative hearing, Plaintiff testified the main issues keeping him from being able to work are back/side pain, mental anguish, and an inability to be around people. Tr. 58. However, Plaintiff testified he worked full-time for four and a half weeks in September 2015 and additionally applied for and received unemployment benefits for three months during the relevant time period. Tr. 55-57.

Plaintiff stated he is not able to sit or stand for long periods of time and could walk less than a block before needing to stop and rest. Tr. 59. He indicated he has numbness and a feeling of "pins and needles" in his feet and stated it feels like his feet are going to break every time he takes a step. Tr. 59. Plaintiff testified he also has problems grasping and holding with his hands. Tr. 59. He indicated he has constant numbness in his hands and shooting pain from the tips of his fingers to his shoulders. Tr. 60. He further stated he avoided going out in public, had

difficulty with concentration, and had digestive issues which caused him to frequently use the bathroom. Tr. 61-62. Plaintiff testified his wife helped him dress nearly every day and helped him bathe. Tr. 61.

With respect to Plaintiff's mental health, Marian F. Martin, Ph.D., testified as a medical expert at the administrative hearing. Tr. 44-55. Dr. Martin noted there were various diagnoses of depression throughout the record and Plaintiff had been prescribed antidepressant medications. Tr. 44-45. Dr. Martin indicated there were also reports diagnosing a generalized anxiety disorder and PTSD by history and evidencing symptoms consistent with PTSD. Tr. 46. However, Dr. Martin stated that because several of the records (at least three evaluators) suggested Plaintiff was either overreporting or exaggerating symptoms and/or not putting forth a reasonable effort on the exams, it was not possible to establish any psychological diagnosis as a medically determinable impairment. Tr. 49. Dr. Martin indicated that while there were mental health diagnoses in the record, the providers were relying on Plaintiff's self-reported symptoms, and Plaintiff's self-report was not credible. Tr. 49-50, 53-54. Nevertheless, assuming for the sake of argument that there was a valid underlying medically determinable mental impairment, Dr. Martin would limit Plaintiff to simple, routine, repetitive tasks (no detailed or complex instructions); no high-pressure or fast paced (i.e. production line) work; and minimal contact with the public. Tr. 54-55.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).
///

## ADMINISTRATIVE DECISION

On December 20, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 16, 2014. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairment: diabetes with peripheral neuropathy, fibromyalgia, and gastroparesis. Tr. 21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform light exertion level work with the following limitations: he can stand and/or walk four hours total in an eight-hour workday; he needs ready access to a restroom throughout the workday; he is limited to frequent handling, fingering, and feeling; he cannot climb ladders, ropes, or scaffolds and can perform all other postural activities occasionally; he can have occasional exposure to wetness and extreme cold and heat and can never have exposure to vibration or hazards, such as unprotected heights and moving mechanical parts. Tr. 24.

At step four, the ALJ determined Plaintiff was not able to perform his past relevant work. Tr. 28.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC and based on the testimony of the vocational expert, Plaintiff could perform other jobs present in significant numbers in the national economy, including the light exertion level jobs of production assembler, electronics worker, and cannery worker. Tr. 29-30. The ALJ alternatively found, considering Plaintiff's age, education, work experience and based on the testimony

of the vocational expert, that if Plaintiff was limited to sedentary work, with the same non-exertional limitations noted in the RFC, as well as the addition of mental limitations, including being limited to simple, routine and repetitive tasks with a reasoning level of two or less, only occasional superficial contact with the public, and no work at an assembly line pace, he would still be capable of performing jobs that exist in significant numbers in the national economy, such as produce sorter, order clerk, food and beverage, and bench hand. Tr. 30, 54-55. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 16, 2014, through the date of the ALJ's decision, December 20, 2016. Tr. 30-31.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred (1) in his consideration of Plaintiff's mental impairments at step two and beyond; and (2) in his consideration of Plaintiff's subjective allegations. ECF No. 15 at 2, 3.

**DISCUSSION**[1]

**A.  Plaintiff's Symptom Testimony**

Plaintiff challenges the ALJ's finding regarding Plaintiff's subjective allegations. ECF No. 15 at 9-14.

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 25.

As determined by the ALJ, the record reflects clear indications of malingering and symptom exaggeration by Plaintiff. Tr. 21-23. An ALJ's finding of malingering is sufficient to support an adverse credibility determination under Ninth Circuit jurisprudence. *See Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *see also LaGrand v. Commissioner Social Sec. Admin.*, 379 Fed. Appx. 555, 556 (9th Cir. 2010) (citing *Benton* for the proposition that "[t]he ALJ was entitled to reject LaGrand's testimony because there was evidence of malingering"); *Flores v. Commissioner of Social Security*, 237 Fed. Appx. 251, 252-253 (9th Cir. 2007) (citing *Benton* for the proposition that "an ALJ may reject a claimant's subjective pain testimony if the record contains affirmative evidence of malingering"); *Robinson v. Astrue*, 2011 WL 1261187 at *11 (D. Or. 2011) (holding that evidence of malingering, by itself, is enough to discredit a claimant).

In July 2015, John Arnold, Ph.D., indicated Plaintiff exhibited questionable effort on exam and assessed various rule out diagnoses, including malingering. Tr.

21, 432. In September 2015, consultative examiner, Catherine MacLennan, Ph.D., noted Plaintiff's mini mental status exam was "consistent with either intentionally poor performance or malingering." Tr. 21, 439. Dr. MacLennan indicated Plaintiff endorsed an unusually high number of problems, suggesting probable exaggeration; was overly dramatic in his presentation; and did not appear credible. Tr. 21, 440-441. In December 2015, Kathryn Olson, MS, MHP, noted Plaintiff reported he was receiving mental health treatment because it was required by DSHS in order to continue to receive monetary support in the interim of his disability application. Tr. 22, 631. It was noted Plaintiff paid more attention to the response to his responses than he did to the questions posed, indicative of secondary gain associated with his ongoing disability application. Tr. 22, 632.

The ALJ appropriately considered Plaintiff's symptom exaggeration, malingering and secondary gain motivation in discounting Plaintiff's subjective complaints.

The ALJ also indicated Plaintiff's alleged disabling physical symptoms were rebutted by the medical evidence of record. Tr. 24. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence.").

Plaintiff testified he is not able to sit or stand for long periods of time and could walk less than a block before needing to stop and rest, Tr. 59; he has neuropathy in his hands, arms and feet and stated it feels like his feet are going to

break every time he steps, Tr. 59-60, he had digestive issues which caused him to frequently use the bathroom, Tr. 61-62, and he needed his wife's help with bathing and dressing, Tr. 61. Tr. 24. However, treatment notes throughout the relevant time period consistently indicate that Plaintiff was in no distress, Tr. 378, 384, 396, 445, 464, 509, 516, 705, 714, had either normal muscle strength or that his muscle strength was four and a half out of five, Tr. 516, 705, 721, had normal reflexes and normal range of motion, Tr. 378, 394, 705, and had normal coordination and gait, Tr. 472, 673, 705. Tr. 25-28. Further inconsistent with Plaintiff's alleged disabling physical symptoms, state agency medical consultant Mark Magdaleno, M.D., opined Plaintiff could perform medium exertion level work with some postural and environmental limitations, Tr. 120-121, and treating source Shellie Rabidou, PA-C, found Plaintiff capable of performing sedentary work, Tr. 409.

The objective medical evidence demonstrates Plaintiff was not as physically limited as he alleged.

The ALJ also held that Plaintiff's reported activities of daily living showed greater functional abilities than as alleged by Plaintiff. Tr. 24-25. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted Plaintiff reported he was able to do his own self-care, managed his medications without assistance and took them as prescribed, tried to participate in regular household chores, could make himself meals, and played video games. Tr. 25. While one does not need to be "utterly incapacitated" to be disabled, *Fair*, 885 F.2d at 603, it was proper for the ALJ to find Plaintiff's reported activities were inconsistent with his allegations of totally disabling symptoms and thus detracted from his overall credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

The ALJ additionally mentioned Plaintiff's work activity after the alleged onset date. The ability to perform work can be considered in assessing credibility. *Bray v. Comm'r Social Security Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding the ALJ properly discounted a claimant's testimony because she recently worked as a personal caregiver for two years and had since sought out other employment). As indicated above, Plaintiff testified at the administrative hearing that he had worked full-time for four and a half weeks in September 2015. Tr. 55-56. The ALJ properly considered Plaintiff's work activity after the alleged onset date in assessing Plaintiff's credibility.

The ALJ also noted Plaintiff received unemployment compensation benefits subsequent to the alleged disability onset date. Tr. 25. A disability claimant's acceptance of unemployment benefits can constitute a valid reason in support of an ALJ's adverse credibility determination. *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (upholding ALJ's rejection of a claimant's credibility where the claimant had accepted unemployment insurance benefits "apparently considering himself capable of work and holding himself out as available for work"); *see also Hasso v. Colvin*, 617 Fed. Appx. 780, 781 (9th Cir. 2015) (upholding adverse credibility determination based in part on the claimant's "receipt of unemployment benefits"). Here, Plaintiff filed for and received unemployment benefits after he had stopped working, acknowledging at that time that he was ready, willing and able to work. Tr. 57-58; *see* Wash. Rev. Code § 50.20.010(c)(ii) (indicating "an individual must be ready, able, and willing, immediately to accept any suitable work which may be offered to him or her and must be actively seeking work"). Accordingly, Plaintiff's acceptance of unemployment benefits while simultaneously seeking Social Security benefits was a proper basis to discount Plaintiff's credibility.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for discounting Plaintiff's subjective complaints. Accordingly, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible in this case.

**B.  Step Two**

Plaintiff's brief contends the ALJ erred at step two of the sequential evaluation process by failing to find Plaintiff had a severe mental impairment. ECF No. 15 at 3-8.

Plaintiff has the burden of proving he has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence to show his impairment is severe. 20 C.F.R. § 416.912(a). The regulations provide that an impairment is severe if it significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs. 20 C.F.R. §§ 404.1522(b), 416.922(b).

Step two is "a *de minimis* screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-28; *see Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the

medical evidence clearly established that Plaintiff did not have a severe impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

In this case, the ALJ concluded Plaintiff had the severe impairments of diabetes with peripheral neuropathy, fibromyalgia, and gastroparesis. Tr. 21. However, the ALJ specifically found that despite diagnoses throughout the record of major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, borderline intellectual functioning and somatic symptoms disorder, Plaintiff did not have a severe mental impairment. Tr. 21.

Although Plaintiff ultimately bears the burden of establishing his disability, *see Bowen*, 482 U.S. at 146, the ALJ has an affirmative duty to supplement Plaintiff's medical record, to the extent it is incomplete, before rejecting his claim of a severe mental impairment. *See* 20 C.F.R. § 404.1512; S.S.R. 96-5p. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ's duty to supplement Plaintiff's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, Dr. Martin testified as a medical expert at the administrative hearing with respect to Plaintiff's mental health, and noted there were various diagnoses of mental impairments throughout the record and Plaintiff had been prescribed antidepressant medications. Tr. 44-46. However, Dr. Martin stated that because some of those reports suggested Plaintiff was either overreporting or exaggerating symptoms and/or not putting forth a reasonable effort on the exams, it was not

possible to establish any psychological diagnosis as a medically determinable impairment. Tr. 49.

After a careful review of the testimony of the medical expert and the record as a whole, the Court finds the medical evidence pertaining to Plaintiff's mental condition was sufficiently ambiguous to trigger the ALJ's duty to fully and fairly develop the record. Moreover, the Court finds a review of the available medical records demonstrates Plaintiff had mental issues sufficient to pass the *de minimis* threshold of step two of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290. The weight of the record evidence shows that Plaintiff's claim of a severe mental impairment was not "groundless." *Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 688. The Court thus agrees with Plaintiff that the ALJ erred at step two of the sequential evaluation process.

Nevertheless, perhaps realizing that Plaintiff's allegations of mental limitations were not entirely without merit, the ALJ asked the medical expert to assume a valid underlying medically determinable mental impairment existed. Tr. 54. Given this assumption, Dr. Martin limited Plaintiff to simple, routine, repetitive tasks (no detailed or complex instructions); no high-pressure or fast paced (i.e. production line) work; and minimal contact with the public. Tr. 54-55. The ALJ then asked a vocational expert a hypothetical that included Dr. Martin's mental restrictions based on assumed specific medically determinable mental impairments, and the vocational expert opined work existed in significant numbers in the national economy that such an individual could perform. Tr. 69-71. In the ALJ's decision, the ALJ alternatively determined, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, that if Plaintiff had the mental limitations noted by Dr. Martin, coupled with the limitations set forth in the RFC determination, he would still be capable of performing jobs such as produce sorter; order clerk, food and beverage; and bench hand, jobs that exist in significant numbers in the national economy. Tr. 30.

The Court finds that the ALJ's alternate step five determination is supported by substantial evidence and free of error. Accordingly, although the ALJ erred at step two, it was harmless error. *See Johnson v. Shalala,* 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995) (an error is harmless when the correction of that error would not alter the result); *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED January 4, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE